```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION
```

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | 1:11-CV-2386-TWT-ECS |
| NEILEEN LIPAI, | |
| Defendant. | |

### ORDER AND FINAL REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

### I.
### Introduction

The above-styled case is a dispossessory action filed in the Magistrate Court of Rockdale County, which is before the undersigned on Defendant's request to proceed *in forma pauperis*, [Doc. 1], with a notice of removal, [Doc. 1-1]. After consideration by the Court of Defendant's affidavit of indigency, her request to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, because this Court does not have original jurisdiction over the claims made in state court, the undersigned further **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Rockdale County, pursuant to 28 U.S.C. § 1447(c).

## II.
## Discussion

Twenty-eight U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(citations

2

omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

Here, Defendant has offered no evidence to suggest that Plaintiff Bank relied on anything but state law in filing its dispossessory action. Rather, Defendant bases the removal of this action, at least in part, on federal question jurisdiction, as she states that the proceedings in the magistrate court are "occurring in violation of the Uniform Commercial Code of 15 USCA 1692." [Doc. 1-1, at 1]. A state dispossessory action, however, is insufficient to trigger federal question subject matter jurisdiction. Farrell v. Poythress, 2010 WL 2411502 at *1 (N.D.Ga. 2010) (subject matter jurisdiction does not exist where as here, a "defendant alleges that [a] state court eviction proceeding . . . is occurring in violation of [a federal law].").

Furthermore, although Defendant may be seeking by these allegations to assert a federal *defense,* a case may not be removed to federal court "on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393; see also Wesley Apartment Homes, Inc. v. Andrews, 2010 WL 5690356 at *2-3 (N.D.Ga. 2010) (remanding dispossessory proceeding where Plaintiff's

removal was based on bankruptcy filing); see also Net Bank v. Carter, 1:06-cv-2558 [Doc. 4] (N.D.Ga. 2006) (same).

In addition, although Defendant may seek to assert federal counterclaims, "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002). Thus, absent evidence warranting the application of an exception to the well-pleaded complaint rule, Defendant cannot properly remove this action on the basis of federal subject matter jurisdiction. Id.; see also HSBC Mortgage Services, Inc. v. Cunningham, 2007 WL 3005337 (N.D.Ga. Oct. 12, 2007) (remanding a dispossessory action to the state court for lack of subject matter jurisdiction)(slip copy).

Finally, while Defendant has not alleged diversity of citizenship, the undersigned notes that removal on the grounds of diversity jurisdiction would be improper. In her notice of removal, Defendant has listed a Georgia address as her address for service, the same address as the premises that are the subject of the dispossessory action. [Doc. 1-1, at 1, 2, 4]. There is no allegation or any evidence that Defendant is a citizen of any state other than Georgia.

4

Twenty-eight U.S.C. § 1441(c) provides that actions in which there is diversity of citizenship may be removed from state to federal court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, there appears to be no dispute that Defendant is a citizen of the state of Georgia. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (for diversity purposes, a person is a citizen of the state in which she is domiciled). Accordingly, Defendant may not remove based on diversity of citizenship.

### III.
### Conclusion

For the reasons stated above, the undersigned finds that the above action could not have been brought in federal court and that subject matter jurisdiction is lacking. Accordingly, it is **RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Rockdale County. Should this recommendation be adopted, the undersigned additionally **DIRECTS** that Defendant must post a $10,000 bond should she again file another removal of this state court action, so that an award of attorney's fees and sanctions against the removing party will be covered in the event another unfounded removal of this action is attempted. In the event Defendant does not post such a bond upon re-filing, the Clerk should bring the

5

AO 72A
(Rev.8/82)

filing to the undersigned along with an order for summary remand and for consideration of an award of sanctions. See <u>Matthew v. Country Wide Home Loans</u>, 2007 WL 4373125, *1 (N.D.Ga. Dec. 11, 2007) (slip copy).

**SO ORDERED, REPORTED AND RECOMMENDED** this 3rd day of August, 2011.

<u>/s/ E. Clayton Scofield III</u>
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE
